UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VANUEL BRYANT,<br>        Plaintiff, | :<br>:<br>: |
| v. | :<br>: |
| SERGEANT DEVAN J. CASEY, LIEUTENANT KEITH CLARKE, MAJOR DENNIS SKORSKI, CHIEF FREDERICK J. HEISE, III, CAPTAIN KENNETH GEBO, CAPTAIN HENNESSEY, SERGEANT KEVIN BERTHIAUME, OFFICER LEE SOHN, OFFICER JEFFERY PICHIE, OFFICER SAMUEL HILL,<br>        Defendants. | :<br>:<br>:  C.A. No. 24-00046WES<br>:<br>:<br>:<br>:<br>:<br>: |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se* Plaintiff Vanuel Bryant, a resident of Connecticut, brought this § 1983 civil rights case against an array of Defendants, all but one[1] of whom are public officials from the Town of Coventry, Rhode Island. His amended complaint alleges that they wrongfully stopped him, stalked him, used excessive force against him and criminally charged him in connection with an incident that began when he traveled to Rhode Island from another state at approximately 2 a.m. with his wife to use an ATM. ECF Nos. 17, 17-1. Now pending before the Court are two motions. First, pending before me for report and recommendation is Defendants' unopposed motion to dismiss based on Plaintiff's failure to comply with the Court's discovery order. ECF No. 27. Second, pending before me for determination is the motion to quash (ECF No. 24) filed by a third party, Sinapi Law Associates, Ltd. ("Sinapi Law"), the law firm that had represented

---

[1] Plaintiff also sued the attorney – Shannah Kurland, Esq., of Sinapi Law Associates, Ltd. – he engaged to defend him in connection with criminal charges arising from the incident in issue. The Court granted her motion to dismiss. Bryant v. Casey, C.A. No. 24-046 WES, 2024 WL 6467863, at *3 (D.R.I. Sept. 10, 2024).

Plaintiff in connection with criminal proceedings arising from the incident. Fact discovery in this case closed on September 30, 2025.

I.  **Background**

At the center of Plaintiff's complaint is the constitutionality of the police response to his presence in a bank parking lot in Rhode Island, a State where he did not reside, at 2 a.m. in the vicinity of the ATM. Plaintiff claims that the Defendants' wrongful conduct caused him significant mental and physical injury, as well as to miss time from work and to incur attorney's fees, based on which he seeks a damage award of $250,000. ECF No. 17 at 5-6. To defend the case, Defendants initiated discovery appropriately focused on getting information and documents regarding what really happened in the bank parking lot (including the true identity and address of the "wife" who witnessed the incident), how Plaintiff came to be there and regarding Plaintiff's claimed damages. Plaintiff refused to provide even the most basic responses to this discovery and refused to answer questions at his deposition. In light of these refusals, Defendants propounded a Rule 45 subpoena to Plaintiff's former Rhode Island attorney, Sinapi Law, seeking documents containing much of the same information; in response, Sinapi Law advised Defendants of its intent to move to quash because of the burden of responding to such a subpoena in light of the complications posed by the need to protect attorney client communications and attorney work product.

These discovery disputes were brought to the Court through two discovery dispute conferences.[2] At both conferences, Plaintiff was cautioned that his failure to comply with discovery could result in the dismissal of the case. At the second such conference, held on the brink of the close of fact discovery, the Court concluded that the informal dispute process would

---

[2] These conferences were required before any discovery motions could be filed pursuant to the Court's pretrial scheduling order. ECF No. 21 at 3.

not resolve the discovery problems arising from Plaintiff's refusals and ruled that Defendants could move to compel and Sinapi Law could move to quash. Sinapi Law's motion to quash was filed on September 19, 2025, ECF No. 24, and Defendants' motion to compel was filed on September 23, 2025, ECF No. 25. Defendants' objection to the motion to quash quickly followed; in it, Defendants confirm that they would not need any discovery from Sinapi Law if Plaintiff complied fully with the discovery propounded to him. ECF No. 26. Both motions were referred to me.

After waiting for Plaintiff's opposition to the motions and receiving nothing, the Court granted Defendants' motion to compel, ordering Plaintiff to provide complete discovery responses by October 31, 2025. Text Order of October 17, 2025. As to the motion to quash, the Court issued an interim notice that it be held in abeyance pending Plaintiff's compliance with the Court's Order:

> [B]ecause Plaintiff's pattern of noncompliance with discovery as described in that motion has created the risk that this case may be dismissed, the Court will refrain from addressing the complex and burdensome (to the third party and to the Court) issues (including the potential need for in camera review) posed by the motion to quash and for protective order until after proceedings regarding Plaintiff's failure to provide any discovery responses have been resolved.

Interim Notice of October 17, 2025. On the brink of the deadline set by the Court, Plaintiff provided Defendants with responses that are entirely inadequate: by way of just one example, regarding his claim of substantial damages, Plaintiff provided nothing and directed Defendants to his complaint. ECF No. 27-3 at 2. For most of the discovery requests, Plaintiff's response was "N/a." ECF Nos. 27-1, 27-3. Based on the Court's review, it is clear that Defendants have learned nothing useful from these responses regarding the facts pertaining to Plaintiff's claims.

With these totally insufficient responses, and fact discovery now closed, Defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 37(b) based on Plaintiff's ongoing refusal to

3

provide basic discovery in derogation of the Court's Order.  ECF No. 27.  Plaintiff has not opposed the motion.

> II. **Standard of Review**

"A district court may dismiss an action for noncompliance with a discovery order." Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006) (citing Fed. R. Civ. P. 37(b)(2)(C)).  "[T]he law is well established . . . that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Figueroa Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir. 1990) (internal quotation marks omitted).  When noncompliance with a court order occurs, "the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003).  Where the dismissal with prejudice is sought, the court should consider whether the offending party was given sufficient notice and an opportunity to explain his noncompliance or to argue for a lesser penalty.  Benitez-Garcia, 468 F.3d at 5.  A motion to dismiss cannot be summarily granted simply because it is unopposed.  Vega-Encarnación v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003) ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.").

A plaintiff's *pro se* status does not provide a basis on which to excuse noncompliance with a court order or the Rules of Civil Procedure.  See Instituto de Educacion Universal Corp. v. United States Dep't of Education, 209 F.3d 18, 23 n.4 (1st Cir. 2000); Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) ("the right of self-

representation is not a license not to comply with relevant rules of procedural and substantive law") (internal quotation marks omitted).  Nevertheless, in considering a motion to dismiss a *pro se* complaint, the Court must be mindful of its duty to show leniency to the *pro se* litigant who may not understand the rigorous requirements of discovery.  See Thicc Boy Prods., Inc. v. Swindelles, C.A. No. 122-CV-00090-MSM-PAS, 2023 WL 3646040, at *3 (D.R.I. Feb. 15, 2023).  However, when the *pro se* plaintiff has been warned repeatedly of the consequences of refusing to provide discovery, and the discovery deficiency is so significant as to leave the defendant impaired in his ability to challenge the viability of the claim or defend himself at trial with the serious risk that the dispositive phase of the case will devolve to a trial by ambush, dismissal of a *pro se* complaint with prejudice is appropriate.  Rose v. Davis, C.A. No. 23-13-MRD, 2025 WL 1330558, at *1-2, 4 (D.R.I. Mar. 27, 2025), adopted, 2025 WL 1444736 (D.R.I. May 20, 2025).

### III.    Analysis and Recommendation

As in Rose, I find that this is a case where the discovery Plaintiff has refused to supply goes to the very core of both the merits of his claim and the damages he seeks, thereby prejudicing Defendants' ability to mount a defense.  Further, Plaintiff's refusal to comply with basic discovery has persisted despite a court order and following repeated cautions warning him that his refusal to provide the requested information exposed him to the risk of dismissal.  Based on these facts, I recommend that the Court grant the motion and dismiss this case with prejudice.  See Vallejo v. Santini-Padilla, 607 F.3d 1, 7-10 (1st Cir. 2010); Pladsen v. Wall, C.A. No. 07-323S, 2008 WL 4366015, at *2-3 (D.R.I. Sept. 16, 2008).  Relatedly, simultaneous with the issuance of this report and recommendation, I have issued a Text Order granting the motion to quash of Sinapi Law contingent on the Court's adoption of this recommendation; with this case

dismissed with prejudice, there is no need for Plaintiff's former attorney to provide responsive documents.

### IV. Conclusion

Based on the foregoing, I recommend that Defendants' motion to dismiss (ECF No. 27) with prejudice be granted. Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 5, 2025